IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01502-MSK-BNB

CONNIE RICOTTA and BRUCE ROGERS,

        Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
DEUTSCHE BANK TRUST CO. AMERICAS/TA,
  f/k/a BANKERS TRUST COMPANY, ISAOA;
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO
  WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE f/k/a NORWEST
  BANK MINNESOTA, N.A., AS TRUSTEE FOR THE HOLDERS OF THE
  STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING
  RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH
  CERTIFICATES, SERIES 2002-BC5;
CASTLE MEINHOLD & STAWIARSKI, LLC; and
UNKNOWN OWNER OF THE EVIDENCE OF THE DEBT AND/OR
  OWNER OF "THE NOTE"

        Defendants.

---

**DEFENDANT WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE f/k/a NORWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-BC5'S MOTION TO SUBSTITUTE EXHIBIT E TO ITS MOTION FOR SUMMARY JUDGMENT**

---

Defendant Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee F/K/A Norwest Bank Minnesota, N.A., as Trustee for the Holders of the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC5 ("Wells Fargo As Trustee") submits the following motion for substitution of Exhibit E to its Motion for Summary Judgment.

1. Certification pursuant to D.C. Colo. L.R. 7.1. On August 13, 2007, Counsel for Wells Fargo As Trustee conferred by telephone with *pro se* plaintiffs Connie Ricotta ("Ricotta") and Bruce Rogers ("Rogers") (collectively "Plaintiffs") regarding the relief requested by this motion. Plaintiffs oppose the relief requested in this motion.

2. On June 25, 2007, defendants Wells Fargo As Trustee and Ocwen Loan Servicing, LLC ("Ocwen") each filed a motion for summary judgment in this matter (the "Wells Fargo As Trustee Motion for Summary Judgment" and the "Ocwen Motion for Summary Judgment," respectively).

3. Wells Fargo As Trustee's Motion for Summary Judgment and Ocwen's Motion for Summary Judgment each include a declaration of Chomie R. Neil, which is attached as Exhibit E to both Motions (the "Wells Fargo As Trustee Declaration" and the "Ocwen Declaration," respectively).

4. The first page of the Wells Fargo As Trustee Declaration and the first page of the Ocwen Declaration are identical. The Wells Fargo As Trustee Declaration and the Ocwen Declaration were both executed on June 25, 2007. However, the Wells Fargo As Trustee Declaration and the Ocwen Declaration differ significantly in content.

5. When filing its Motion for Summary Judgment using the PACER Electronic Case Filing System, Wells Fargo As Trustee mistakenly attached the Ocwen Declaration as Exhibit E to its Motion for Summary Judgment.

6. The content of the declaration of Chomie R. Neil, cited by Wells Fargo As Trustee in its Motion for Summary Judgment, therefore, does not match the content of the declaration of Chomie R. Neil attached thereto as Exhibit E.

7.	Pursuant to Federal Rule of Civil Procedure 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in ... the record. The court may do so on motion or on its own, with or without notice" Such a motion is appropriate here to substitute the correct exhibit for an exhibit mistakenly attached to a motion. *See In re Reed*, Nos. 03-40669-7, 03-42331-7, 04-42566-7, 07-40098-13, 2007 WL 2023577, at *4 (Bankr. D. Kan. Jul. 09, 2007) ("[Federal] Rule 60(a) deals with errors, oversights, omissions and unintended acts or failures that result in a record that does not properly reflect the intention of the parties or the court.").

8.	By clerical error, the Exhibit E currently attached to Wells Fargo As Trustee's Motion for Summary Judgment does not accurately reflect the record as intended in Wells Fargo As Trustee's Motion for Summary Judgment. Substituting the attached Exhibit E for the Exhibit E currently attached to Wells Fargo As Trustee's Motion for Summary Judgment will cure the clerical error. Further, Plaintiffs will not be prejudiced by Wells Fargo As Trustee's request.

WHEREFORE, Wells Fargo As Trustee respectfully requests that the Declaration of Chomie R. Neil enclosed with this motion be substituted for Exhibit E currently attached to its Motion for Summary Judgment, and such other and further relief as the Court deems just.

9.	Respectfully submitted this 13th day of August, 2007.

/s/ Lino S. Lipinsky de Orlov
Kyra A. Grundeman
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5375
Facsimile: (202) 383-5414
kgrundeman@omm.com

Lino S. Lipinsky de Orlov
Timothy R. Odil
McKENNA LONG & ALDRIDGE LLP
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
llipinsky@mckennalong.com

ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A., SUCCESSOR BY
MERGER TO WELLS FARGO BANK
MINNESOTA, N.A., AS TRUSTEE F/K/A
NORWEST BANK MINNESOTA, N.A., AS
TRUSTEE FOR THE HOLDERS OF THE
STRUCTURED ASSET SECURITIES
CORPORATION AMORTIZING RESIDENTIAL
COLLATERAL TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2002-BC5

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2007, a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE f/k/a NORWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-BC5'S MOTION TO SUBSTITUTE EXHIBIT E TO ITS MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following individuals at the following electronic mail addresses:

>J. Lee Gray, Esq.
>William W. Maywhort, Esq.
>Dana M. Arvin, Esq.
>Holland & Hart, LLP
>8390 East Crescent Parkway, #400
>Greenwood Village, CO  80111-2800
>lgray@hollandhart.com
>
>David A. Shore, Esq.
>Scott D. Toebben, Esq.
>Dana M. Arvin, Esq.
>Hellerstein and Shore, P.C.
>5347 South Valentia Way, Suite 100
>Greenwood Village, CO  80111
>stoebben@shoreattys.com

and sent via Federal Express to:

>Ms. Connie Ricotta
>Mr. Bruce Rogers
>1396 Forrest Hills Drive
>Breckenridge, CO 80424

/s/ David P. Howell
David P. Howell

DN:32127463.1
8/13/07 03:06