# **EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01502-MSK-BNB

CONNIE RICOTTA and BRUCE ROGERS,

        Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
DEUTSCHE BANK TRUST CO. AMERICAS/TA,
  f/k/a BANKERS TRUST COMPANY, ISAOA;
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO
  WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE f/k/a NORWEST
  BANK MINNESOTA, N.A., AS TRUSTEE FOR THE HOLDERS OF THE
  STRUCTURED ASSET SECURITIES CORPORATION AMORTIZING
  RESIDENTIAL COLLATERAL TRUST MORTGAGE PASS-THROUGH
  CERTIFICATES, SERIES 2002-BC5;
CASTLE MEINHOLD & STAWIARSKI, LLC; and
UNKNOWN OWNER OF THE EVIDENCE OF THE DEBT AND/OR
  OWNER OF "THE NOTE"

        Defendants.

## DECLARATION OF CHOMIE R. NEIL

      I, Chomie Neil, being duly sworn, do hereby declare and swear that the following is true and correct:

      1.    I am currently employed by Ocwen Loan Servicing, LLC ("Ocwen Loan Servicing"), as a Senior Loan Analyst. I held the position of research specialist from 1999 until July 2005 until being promoted to Senior Loan Analyst. I have reviewed the complaint in the above-entitled action. As a result of my employment with Ocwen, and my review of the loan history, I have personal knowledge of the facts set forth in this declaration.

2.    I understand that the mortgage loan that is the subject of this litigation was obtained by Connie Ricotta ("Ricotta") and Bruce Rogers ("Rogers") (the "Loan"). Ocwen maintains records in both electronic and documentary formats relating to the Loan. These records have been compiled and are maintained by Ocwen in the course of regularly conducted business activity. I have personally reviewed these records, which collectively are one source of my knowledge concerning the facts herein. I regularly review such records in the ordinary course of my employment with Ocwen, and in reviewing Ocwen's records concerning the Loan, I observed the same standard of case applicable in reviewing similar loan records in the ordinary course of my employment.

3.    Plaintiffs executed a Note on or about January 17 and 18, 2002 with Finance America, LLC, secured by a Deed of Trust on the Property, which is located at 1396 Forest Hills Drive, Breckenridge, Colorado, alternatively known as 1396 Forrest Hills Drive, Breckenridge, Colorado. True and correct copies of the Note and Deed of Trust, as well as riders, are attached to the Motion for Summary Judgment as Exhibits C and D, respectively.

4.    Ocwen has no record that Finance America, LLC ever received a rescission notice from plaintiffs in January 2002. *See* Transaction History and Comments Log ("Log"), a true and correct copy of which is attached to the Motion for Summary Judgment at Exhibit F, at OWF.0039-0040.

5.    Ocwen assumed servicing of plaintiffs' Note and Deed of Trust in January 2002. *See* Log at OWF.RIC.0040.

6.    Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the holders of the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates,

Series 2002-BC5 ("Wells Fargo As Trustee") was assigned plaintiffs' Note and Deed of Trust on or about July 1, 2002.

7. Wells Fargo As Trustee has engaged Ocwen for, among other reasons, record-keeping purposes. Ocwen maintains, either on its own behalf or on behalf of the Trust, documents related to plaintiffs' loan.

8. At the time Wells Fargo As Trustee was assigned plaintiffs' Note and Deed of Trust, plaintiffs were not delinquent in their payments on their Note. *See* Log at OWF.RIC.0040.

9. Plaintiffs continued to make payments on their Note until April 2006. *See* Log at OWF.RIC.0040-0041.

10. Wells Fargo As Trustee is the current holder of plaintiffs' Note and Deed of Trust.

11. Plaintiffs have made no payments on their Note and Deed of Trust since March 24, 2006. *See* Log at OWF.RIC.0001-0011.

12. Ocwen never received any demand for validation of debt from plaintiffs addressed to Wells Fargo As Trustee.

13. All communications with plaintiffs regarding their Note and Deed of Trust would have gone through either Ocwen (as servicer of the Loan) or Castle Meinhold & Stawiarski, LLC, (as Wells Fargo As Trustee's foreclosure counsel) and not Wells Fargo As Trustee itself.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2007 at West Palm Beach, Florida.

_____
CHOMIE R. NEIL