IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01502-MSK-KLM

CONNIE  RICOTTA, and
BRUCE ROGERS,

     Plaintiff(s),

v.

OCWEN LOAN SERVICING, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
WELLS FARGO BANK, NA, and
UNKNOWN OWNER OF THE NOTE,

     Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

     This matter comes before the Court on **Plaintiff's Motion for Extension of Discovery Deadline** [Docket No. 97; filed May 7, 2007] (the "Motion for Extension") and **Plaintiff's Motion to Compel Production of Documents from Defendant's Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee F/K/A Norwest Bank Minnesota, N.A., as Trustee for the Holders of the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-Through Certificates, Series 2002-BC5 and from Ocwen Loan Servicing, LLC** [Docket No. 98; filed May 7, 2007] (the "Motion to Compel").

1

This Court has reviewed Plaintiffs' Motions, Defendants' Responses, and Plaintiffs' Reply and is sufficiently advised on the premises.  Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's Motion for Extension [Docket No. 97] is **DENIED,** as specified below.  IT IS FURTHER **ORDERED** that Plaintiff's Motion to Compel [Docket No. 98] is **GRANTED in part and DENIED in part,** as specified below.

## I.    Background

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") states that on or around April 13, 2007, it was served with Plaintiff's First Set of Requests for Production of Documents, which requests contained, *inter alia*, 108 interrogatories and requests for production of documents.  *Defendant MERS's Response*, p. 2, ¶ 4-5.  Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen") state that they were served with a combined 170 document requests from Plaintiffs.  *Defendants Wells Fargo and Ocwen's Response*, p. 3, ¶ 2.  Defendants Wells Fargo and Ocwen also state that on February 28, 2007, they served written responses on Plaintiffs, along with a set of 236 Bates-labeled documents.  *Defendants Wells Fargo and Ocwen's Response*, p. 3, ¶ 2.  Plaintiffs admit that they received from Defendants "several hundred pages of discovery documents."  *Plaintiff's Declaration*, p.2.

## II.   Motion for Extension

By motion filed May 7, 2007, Plaintiffs requested that this Court extend the discovery deadline currently set for May 11, 2007, stating as grounds that "[d]iscovery is

nowhere near completed." *Motion for Extension*, p. 2, ¶ 3.  Plaintiffs received documents and responses from all Defendants on February 28, 2007.  The record does not show that Plaintiffs took any action over the following two months to compel the production of documents.  Defendants Wells Fargo and Ocwen state that they were not put on notice of any deficiencies with their discovery responses until they were contacted by Plaintiffs on May 2, 2007, nine days before the close of discovery.  *Defendants Wells Fargo and Ocwen's Response*, Ex. E, p. 2.  Indeed, Plaintiffs waited until four days before the close of the discovery period to bring any alleged shortcomings in the discovery responses to the attention of the Court.  Plaintiffs have failed to show any good faith basis for extending or re-opening the discovery period.  Defendants appear to have responded to Plaintiffs' discovery requests adequately (apart from the Securitization Servicing Agreement, discussed below) and in good faith.  In addition, Plaintiffs' last-minute Motion to Compel does not provide this Court with good cause to re-open discovery.  Accordingly, **Plaintiff's Motion for Extension of Discovery Deadline** [Docket No. 97; filed May 7, 2007] is **DENIED.**

### III.    Motion to Compel

By second motion filed May 7, 2007, Plaintiffs requested that this Court compel the production of documents from Defendants Wells Fargo and Ocwen Loan Servicing, stating that the Defendants had not "adequately responded" to the discovery requests of Plaintiffs.  *Motion to Compel*, p. 2, ¶ 3.  Plaintiffs also filed a declaration in support of their Motion for Extension and Motion to Compel.  *Declaration of Bruce Rogers and Connie Ricotta in*

*Support of Plaintiff's Motion for Extension of Discovery Deadline and to Compel Production of Documents* [Docket No. 99; filed May 7, 2007] (the "Declaration").

Defendants Wells Fargo and Ocwen admit that they have withheld one document from production (a "Securitization Servicing Agreement") due to Plaintiffs' refusal to execute a protective order that would prevent disclosure of alleged proprietary, confidential and trade secret information in that document. *Defendants Wells Fargo and Ocwen's Response*, p. 4, ¶ 1. Indeed, by letter dated April 19, 2007, Plaintiff Connie Ricotta wrote to Defendants Wells Fargo and Ocwen, "I do not agree to sign [the] stipulated protective order," failing to provide any reason for her refusal to do so. *Defendants Wells Fargo and Ocwen's Response*, Ex. E, p. 2. However, despite their failure to produce the discoverable document, Defendants have failed to move for entry of a protective order pursuant to Fed. R. Civ. P. 26(c)(7).

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Compel is **GRANTED** as to the Securitization Servicing Agreement ("SSA"), which shall be produced to Plaintiffs within **five (5) days** of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiffs shall not disclose the form or content of the SSA to anyone who is not a party to this litigation, and Plaintiffs shall be entitled to use the SSA only for purposes of this litigation.

IT IS FURTHER **ORDERED** that the remainder of Plaintiff's Motion to Compel is **DENIED.** After a review of the pleadings filed by the Parties, the Court concludes that, apart from the SSA, Defendants have produced all responsive documents in their custody

4

and control which are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence.   Fed. R .Civ. P. 26(b)(1). Moreover, Defendants are not obligated to produce relevant information in the form requested by Plaintiffs, but merely to produce it  in the form in which it is maintained in the ordinary course of their businesses.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  September 28, 2007