IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01502-MSK-KLM

CONNIE RICOTTA, and
BRUCE ROGERS,

    Plaintiff(s),

v.

OCWEN LOAN SERVICING, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
WELLS FARGO BANK, NA, and
UNKNOWN OWNER OF THE NOTE,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on:

    (1) **Plaintiffs' Verified Motion for Show Cause Order and Order for Contempt Against Defendants Wells Fargo Bank N.A. and Ocwen Loan Servicing LLC** [Docket No. 151; filed October 25, 2007]; and

    (2) **Plaintiffs' <u>Amended</u> Verified Motion for Show Cause Order and Order for Contempt Against Defendants Wells Fargo Bank N.A. and Ocwen Loan Servicing LLC** [Docket No. 156; filed October 31, 2007].

    The Court has reviewed the Motions, Defendants' Opposition [Docket No, 159; filed

1

November 14, 2007], the exhibits, the case file, and the applicable law and is sufficiently advised in the premises. Accordingly, it is HEREBY **ORDERED** that Plaintiffs' Motions [Docket No. 151] and [Docket No. 156] are **DENIED**, as specified below.

I.   **Background**

By Order dated October 1, 2007, I granted in part and denied in part Plaintiffs' Motion to Compel [Docket No. 150]. Defendants were ordered to produce a document, the Securitization Servicing Agreement ("SSA"), within five days of the date of my Order, and I implemented confidentiality protections for the SSA. In the instant proceedings, Defendants and Plaintiffs do not contest that the SSA was provided to Plaintiffs within five days of the date of my Order. However, Plaintiffs state that certain exhibits attached to the SSA lack addresses and signatures. *Amended Motion*, p. 2. Plaintiffs also state that "Exhibit E" to the SSA lacks its required attachments.[1] *Id.*, p. 2-3. In light of this, Plaintiffs request that this Court issue an Order to Show Cause and Order for Contempt against Defendants requiring them to appear and show cause why they should not be held in contempt for failing to comply with the Order entered on October 1, 2007. Defendants admit that they did not provide signed exhibits or the attachments to "Exhibit E", but contend that they have fully complied with my October 1, 2007 Order. *Opposition*, p. 6-10.

II.   **Analysis**

---

[1] I also note that Plaintiffs include arguments in their Motion regarding whether or not Defendants have a valid claim on their property. These arguments do not materially assist the Court in determining the issues raised in the pending motions, and therefore are not addressed.

As an initial matter, Defendants and Plaintiffs disagree on whether Plaintiffs have satisfied their obligation to confer with opposing counsel prior to filing motions pursuant to D.C. Colo.L.Civ.R. 7.1. Plaintiffs "certify that [they] have made a reasonable, good faith effort to confer with the opposing counsel to resolve this disputed matter and have been unable to." *Amended Motion*, p. 1. Defendants state that, prior to filing their first Motion, Plaintiffs did no more than leave a voicemail message for counsel stating their intention to file the motion at approximately 9:30 p.m. *Opposition*, p. 5. Defendants also assert that the Motion was filed the next day, before Defendants had responded to Plaintiffs' voicemail. *Id.* Finally, Defendants claim that Plaintiffs never informed them that an Amended Motion would be filed and that the two complaints in the Amended Motion were never specifically discussed with Defendants prior to the filing of the Amended Motion. *Id.*

D.C.Colo.L.Civ.R. 7.1A states "[t]he court will not consider any motion, other than a motion under Fed.R.Civ.P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter . . . ." The Court takes the duty to confer imposed by D.C.Colo.L.Civ.R. 7.1 very seriously. Plaintiffs are cautioned that simply leaving a voicemail message immediately prior to filing a motion does not meet the requirement that they make "reasonable, good-faith efforts" to confer with opposing counsel prior to filing motions. Instead, Rule 7.1A requires "meaningful negotiations" by the parties. *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003). Plaintiffs are warned that a failure to comply with Rule 7.1A in the future will result

3

in summary dismissal of any motion.

The heart of Plaintiffs' argument is that Defendants have not produced "the <u>complete</u> document [SSA] including <u>signed</u> Exhibits and attachments, as ordered . . . ." *Amended Motion*, p. 4. However, although I ordered Defendants to produce the SSA to Plaintiffs, my October 1, 2007 Order contains no requirement that the exhibits be signed [Docket No. 150]. Further, in my Order, I noted that "Defendants are not obligated to produce relevant information in the form requested by Plaintiffs, but merely to produce it in the form in which it is maintained in the ordinary course of their businesses." If signed exhibits to the SSA are not maintained by Defendants in the ordinary course of business, they have no obligation to produce such exhibits to Plaintiffs.

Plaintiffs also contend that Exhibit E, the "trust agreement", was produced without its exhibits. *Amended Motion*, p. 2. Defendants state that Exhibit E incorporated by reference another document, the trust agreement, that Defendants had in their possession. *Opposition*, p. 6. As such, Defendants separately produced this trust agreement, which is explicitly referenced in the SSA as being "without exhibits". *Id.*; *Exhibit B, Tab 1, Part 3,* p. 25. Defendants argue that they have fully produced the SSA and its exhibits, one of which is the trust agreement without exhibits. Again, if the trust agreement is maintained without exhibits in the ordinary course of business by Defendants, they have fulfilled their obligations by producing it in this manner.

Defendants state that the copy of the SSA that was produced to Plaintiffs is a true and correct copy of the document in their possession. *Opposition,* p. 6. Defendants

4

further assert that they have "nothing further in their possession that is responsive to the Court's Order." *Opposition*, p. 8. The Court accepts the statements of defense counsel, as officers of the court, and the affidavit of Chomie R. Neil, and concludes that Defendants have produced the SSA in the form in which it is maintained in the ordinary course of business. Defendants have fully complied with my October 1, 2007 Order. As such, neither an order to show cause nor an order for contempt would be appropriate. Accordingly,

IT IS HEREBY **ORDERED** that **Plaintiffs' Verified Motion for Show Cause Order and Order for Contempt Against Defendants Wells Fargo Bank N.A. and Ocwen Loan Servicing LLC** [Docket No. 151; filed October 25, 2007] and **Plaintiffs' <u>Amended</u> Verified Motion for Show Cause Order and Order for Contempt Against Defendants Wells Fargo Bank N.A.** [Docket No. 155; filed October 31, 2007] are **DENIED**.

                                        BY THE COURT:

                                        __s/ Kristen L. Mix_____

                                        United States Magistrate Judge

Dated: November 27, 2007