IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01502-MSK-KLM

CONNIE RICOTTA, and
BRUCE ROGERS,

    Plaintiff(s),

v.

OCWEN LOAN SERVICING, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
WELLS FARGO BANK, NA, and
UNKNOWN OWNER OF THE NOTE,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Verified Motion for Leave to File Motion for Summary Judgment Out of Time** [Docket No. 131; filed July 30, 2007] (the "Motion").

    Plaintiffs request leave to file their summary judgment motion after expiration of the dispositive motion deadline, set for June 25, 2007. Because Plaintiffs are proceeding *pro se*, I construe their pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Defendants have filed responses in opposition to Plaintiffs' Motion [Docket No. 134; filed August 7, 2007] and [Docket No. 140; filed August 14, 2007].

    The Scheduling Order in this case was issued on January 11, 2007, and set a deadline for the filing of dispositive motions for June 25, 2007 [Docket No. 82]. Defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank NA filed motions for summary judgment on June 25, 2007 [Docket Nos. 117, 118 and 119]. Plaintiffs filed the instant motion, along with their motion for summary judgment, on July 30, 2007.

    Numerous courts have noted, and I agree, that a "Scheduling Order is not a

frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.,Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed.R.Civ.P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)).

Plaintiffs provide three justifications for the late submission of their motion for summary judgment. First, they state that the Scheduling Order merely proposed, instead of mandated, that the dispositive motion deadline would be June 25, 2007. *Motion*, p. 2. As Defendants point out, this argument is completely without merit. The Minute Entry for the Scheduling Conference expressly states, "[t]he dispositive motion deadline is: June 25, 2007." [Docket No. 83; filed January 11, 2007]. Clearly, the dispositive motions deadline was entered as an order of the court, and not a proposal.

Second, Plaintiffs contend that "excusable neglect and mistake" exist, as Plaintiffs argue they were not aware that a motion for summary judgment was a dispositive motion controlled by the June 25, 2007 deadline. *Motion*, p. 2. Defendants argue that Plaintiffs were on notice that a motion for summary judgment was a dispositive motion, as Magistrate Judge Boland warned them to be cognizant of the practice standards of Judge Krieger, which expressly state that a Rule 56 brief is a dispositive motion. However, considering that Plaintiffs proceed *pro se*, I find that Plaintiffs should be given the benefit of the doubt regarding this issue.

Finally, Plaintiffs argue that they missed the deadline due to the "press of business as [they] have been reading hundreds of pages of discovery documents." *Motion*, p. 2. Defendants argue that Plaintiffs have had over four months to read and process the 236 pages of documents produced in discovery, and that this should serve as no excuse for the late filing of a summary judgment motion. I again note that Plaintiffs are proceeding *pro se*, and that they seem to argue that they have diligently attempted to meet the court's scheduling deadlines. Accordingly, I find that Plaintiffs have stated good cause to amend the Scheduling Order. Further, I find that as no trial has been set, and as the Final Pretrial Conference is not until June 20, 2008, allowing a late summary judgment motion would not disrupt the orderly and efficient trial of the case. Therefore,

IT IS HEREBY **ORDERED** that **Plaintiff's Verified Motion for Leave to File Motion for Summary Judgment Out of Time** [Docket No. 131; filed July 30, 2007] is **GRANTED**.

IT IS FURTHER **ORDERED** that **Plaintiffs' Motion for Summary Judgment**

**[FRCP 56(f)]** [Docket No. 130; filed July 30, 2007] is accepted for filing as of the date of this Order.

                                                                   BY THE COURT:
                                                                   __s/ Kristen L. Mix_____
                                                                   United States Magistrate Judge

      Dated:  December 3, 2007